**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KIMBERLY BLAKELY et al** § | |
| Plaintiffs, § | |
| § | **CIVIL ACTION** |
| VS. § | **NO. 3:17-CV-00745-B-BH** |
| § | **(ECF)** |
| § | |
| **STEVEN ANDRADE et al** § | |
| Defendants. § | |

**DEFENDANTS STEVEN ANDRADE, BRANDON HOWELL, KEITH SAMET, CHRISTOPHER SMITH, FLOYD KINCAIDE, EVELIO RIVAS, DORIS IRVIN, CANDACE CARLSEN, DAVID ROBERTSON, LUPE VALDEZ AND DALLAS COUNTY'S MOTION TO STAY DISCOVERY, ALL UNEXPIRED DEADLINES AND OTHER PRETRIAL LITIGATION PROCEDURES AND BRIEF IN SUPPORT**

FAITH JOHNSON
DALLAS COUNTY DISTRICT ATTORNEY

PATRICIA POPPOFF NOBLE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 15051250

FEDERAL SECTION
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3690 (Telephone)
(214) 653-2899 (Telecopier)
pnoble@dallascounty.org

ATTORNEY FOR DEFENDANTS STEVEN ANDRADE, BRANDON HOWELL, KEITH SAMET, CHRISTOPHER SMITH, FLOYD KINCAIDE, EVELIO RIVAS, DORIS IRVIN, CANDACE CARLSEN, DAVID ROBERTSON, LUPE VALDEZ AND DALLAS COUNTY

# TABLE OF CONTENTS

MOTION TO STAY ................................................................................................................... 1

STATEMENT OF THE CASE.................................................................................................... 2

BRIEF IN SUPPORT OF MOTION TO STAY ......................................................................... 3

ARGUMENT AND AUTHORITIES .......................................................................................... 3

      **THE COURT SHOULD STAY INITIAL DISCLOSURES AND ALL OTHER DISCOVERY HEREIN PENDING A DETERMINATION OF WHETHER THE COURT MUST ABSTAIN FROM EXERCISING ITS JURISDICTION OVER THIS SUIT AND WHETHER THE DEFENDANTS ARE ENTITLED TO IMMUNITY.**.................................................................................................................. 3

          **1. Good cause exists to stay all initial disclosures and all other discovery herein pending a determination of whether the Court must abstain from exercising jurisdiction over this suit.**......................................................................... 4

          **2. Good cause exists to stay all initial disclosures and all other discovery herein pending a determination of the Defendants' entitlement to immunity from suit.** ................................................................................................ 9

PRAYER...................................................................................................................................... 10

CERTIFICATE OF CONFERENCE ............................................................................................ 11

CERTIFICATE OF SERVICE ..................................................................................................... 11

# INDEX OF AUTHORITIES

**Cases**

*Bickford v. Boerne Indep. Sch. Dist.*,
   No. 5:15-CV-1146-DAE, 2016 WL 1430063 (W.D. Tex. Apr. 8, 2016) .................................. 8

*Birmingham Post Co. v. Brown*,
   217 F.2d 127 (5th Cir. 1954) ................................................................................................. 4

*Blakely v. Valdez*,
   No. 3:17-CV-1308-L, 2017 WL 4778790 (N.D. Tex. June 20, 2017),
   *report and recommendation adopted,* No. 3:17-CV-1308-L, 2017 WL 4682103 (N.D. Tex.
   Oct. 18, 2017) ........................................................................................................................ 5

*DeLeon v. City of Corpus Christi*,
   488 F.3d 649 (5th Cir.2007) ............................................................................................. 7, 8

*Driver v. Garcia*,
   No. CV H-15-0857, 2015 WL 12942418 (S.D. Tex. July 17, 2015) ..................................... 6

*Escamilla v. Dallas Police Dep't,*
   No. 3:01-CV-1159-G, 2001 WL 1338302 (N.D. Tex. Oct. 18, 2001) ................................... 7

*Feldman v. Flood*,
   176 F.R.D. 651 (M.D. Fla. 1997) .......................................................................................... 3

*Hamilton v. Dallas Police Dept.,*
   No. 3:04-CV-2191-P, 2005 WL 241192 (N.D.Tex.2005) ..................................................... 7

*Hamilton v. Lyons,*
   74 F.3d 99, 103 (5th Cir.1996) .............................................................................................. 7

*Hare v. City of Corinth,*
   135 F.3d 320, 325 (5th Cir.1998) .......................................................................................... 9

*Harvey v. Waldron,*
   210 F.3d 1008 (9th Cir. 2000) ............................................................................................... 8

*Heck v. Humphrey,*
   512 U.S. 477 (1994) ............................................................................................................... 6

*Jennings v. Clay*,
   No. 2:13-CV-0015, 2013 WL 3388403 (N.D. Tex. July 8, 2013) ......................................... 6

*LaMartina–Howell v. St. Tammany Par. Sch. Bd.*,
    No. 07–1168, 2009 WL 3837323 (E.D.La. Nov. 12, 2009) ....................................................... 7

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) ................................................................................................... 3

*Phillips v. Dallas Cty. Sheriff's Dep't*,
    No. 3:16-CV-2680-D, 2017 WL 658749 (N.D. Tex. Jan. 12, 2017),
    *report and recommendation adopted*, No. 3:16-CV-2680-D, 2017 WL 635086 (N.D. Tex. Feb.
    16, 2017) .................................................................................................................................. 6

*Phipps v. U.S. Postal Serv.*,
    No. 3:06-CV-2257-P, 2007 WL 707347 (N.D. Tex. Mar. 8, 2007) .......................................... 7

*Porter v. Epps,*
    659 F.3d 440 (5th Cir. 2011) ................................................................................................... 9

*Randle v. Lockwood,*
    666 Fed.Appx 333 (5th Cir. 2016) ........................................................................................... 9

*Siegert v. Gilley,*
    500 U.S. 226 (1991) ................................................................................................................. 9

*Smith v. Potter*,
    400 F. App'x 806 (5th Cir. 2010) ............................................................................................. 5

*Snodderly v. R. U.F.F. Drug Enforcement Task Force,*
    239 F.3d 892 (7th Cir.2001) .................................................................................................... 8

*Texas Ass'n of Bus. v. Earle*,
    388 F.3d 515 (5th Cir. 2004) ................................................................................................... 5

*Von Drake v. Nat'l Broad. Co., Inc.*,
    No. 3-04-CV-0652-R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ..................................... 3

*Younger v. Harris,*
    401 U.S. 37 (1971) ................................................................................................................... 5

**Statutes**

42 U.S.C. §1983 .................................................................................................................................. 7

**Rules**

Fed. R. Civ. P 26(c) ...................................................................................................................... 1, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY BLAKELY, §<br>QUINCY BLAKELY §<br>   Plaintiffs, §<br>§<br>§<br>VS. §<br>§<br>§<br>STEVEN ANDRADE, et al., §<br>   Defendants. § | CIVIL ACTION<br>NO. 3:17-CV-00745-B (BH) |

**DEFENDANTS STEVEN ANDRADE, BRANDON HOWELL, KEITH SAMET, CHRISTOPHER SMITH, FLOYD KINCAIDE, EVELIO RIVAS, DORIS IRVIN, CANDACE CARLSEN, DAVID ROBERTSON, LUPE VALDEZ AND DALLAS COUNTY'S MOTION TO STAY DISCOVERY, ALL UNEXPIRED DEADLINES AND OTHER PRETRIAL LITIGATION PROCEDURES AND BRIEF IN SUPPORT**

### I.  MOTION TO STAY

TO THE HONORABLE U.S. DISTRICT JUDGE JANE J. BOYLE:

COME NOW Defendants Steven Andrade, Brandon Howell, Keith Samet, Christopher Smith, Floyd Kincaide, Evelio Rivas, Doris Irvin, Candace Carlsen, David Robertson, Lupe Valdez and Dallas County, herein referred to collectively as "the Defendants," pursuant to Fed. R. Civ. P 26(c) and move the Court to stay all initial disclosures and all other discovery herein pending a determination of two preliminary questions:

1. whether the Court must abstain from exercising jurisdiction over this suit in compliance with the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances; and

2. whether the Defendants are entitled to immunity in this suit.

*Defendants Motion to Stay – Page 1 of 11*

The Defendants have pending their motion to dismiss Plaintiff's Second Amended Complaint (herein "SAC") which raises well-settled jurisdictional bars which apply to this suit because of Quincy Blakely's criminal trial now pending in the state court. He is to be tried for an indicted offense he is alleged to have committed during the events that form the basis of this lawsuit. Defendants have demonstrated that under the *Younger* and *Heck* abstention doctrines, the Court should refuse to entertain Plaintiffs' federal law claims and dismiss them with prejudice. In addition, Defendants have asserted their various immunities from suit, including absolute judicial, quasi-judicial, qualified and official immunity. (Document 110).

The defendants have filed objections to the Court's scheduling and discovery order (Document 75) requiring that they participate in discovery and other pretrial litigation matters until the Court rules on, at the very least, their entitlement to immunity from suit. (Document 84). In support of their request for a stay, the Defendants would show the Court as follows:

## II.  STATEMENT OF THE CASE

While on traffic patrol at 12:30 a.m. on March 14, 2015, Dallas County Sheriff's Department Officers Smith and Rivas stopped a vehicle driven by Mr. Blakely in which his wife and child were passengers. Smith told Mr. Blakely that he was stopped because his rear license plate light was not illuminated. Mr. Blakely gave Smith his driver and concealed handgun licenses and informed Smith that he had a weapon holstered on his hip. Smith asked Mr. Blakely to step out of the vehicle. Mr. Blakely refused. Smith explained that he wanted Mr. Blakely to exit the vehicle for safety reasons because he was carrying a weapon. Nonetheless, Mr. Blakely continued to refuse to step out of the vehicle. Officers Andrade, Samet, Kincaide and Howell were on the scene to assist Smith and Rivas. Mr. Blakely attempted to prevent Smith from opening the door to his vehicle, a struggle

ensued as officers removed him from the vehicle and he was arrested. Mrs. Blakely was ordered to exit the vehicle and it was searched. Mr. Blakely was indicted in Cause No. F15-18020 for assaulting Officer Smith during the traffic stop and his trial is pending in Dallas County's 194th Judicial District Court.

Based on the incident, Plaintiffs bring an action for money damages pursuant to 42 U.S.C. §1983 for violations of civil rights and seek injunctive relief from the pending criminal prosecution of Mr. Blakely for assaulting Officer Smith during the traffic stop.

### III. BRIEF IN SUPPORT OF MOTION TO STAY

### ARGUMENT AND AUTHORITIES

**THE COURT SHOULD STAY INITIAL DISCLOSURES AND ALL OTHER DISCOVERY HEREIN PENDING A DETERMINATION OF WHETHER THE COURT MUST ABSTAIN FROM EXERCISING ITS JURISDICTION OVER THIS SUIT AND WHETHER THE DEFENDANTS ARE ENTITLED TO IMMUNITY.**

A district court may properly exercise its discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); *see also Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and

expense' " (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990))).

1. **Good cause exists to stay all initial disclosures and all other discovery herein pending a determination of whether the Court must abstain from exercising jurisdiction over this suit.**

In the present suit, jurisdiction is the first and fundamental question pending before the Court. Courts of the United States are of limited jurisdiction. "The question of jurisdiction is self-asserting in every case. It arises although the litigants are silent. Even their consent cannot authorize cognizance if fundamental grounds of jurisdiction are absent." *Birmingham Post Co. v. Brown*, 217 F.2d 127, 130 (5th Cir. 1954).

Plaintiffs have clearly stated their goal in the SAC. It is to have the Court intervene in the pending prosecution of Mr. Blakely in Dallas County's 194th Judicial District in Cause No. F15-18020 for assaulting Officer Smith during the traffic stop. Plaintiffs contend: (1) "The indictment must be quashed and the charge filed by the Dallas County District Attorney must be dismissed." (SAC, paragraph 90); (2) "F15[-]18020 is barred from prosecution" (SAC, paragraph 100); and (3) "Double jeopardy has barred prosecution" in the pending case and it "is barred by the doctrine of collateral estoppel. Res judicata." (SAC, paragraph 104). In an attachment, Mr. Blakely states: "I additionally invoke the supplemental jurisdiction of the [C]ourt to adjudicate the pending claim of F15[-]18020 pending in the state court." "The Specific relief I am seeking through this lawsuit is a restraining order and injunction requiring Dallas County to instruct its attorney/employee for case number F15[-]18020 to cease prosecution on the case in the interest of justice,. . . ." (SAC, page 87).

The United States Supreme has stated, "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at

*Defendants Motion to Stay – Page 4 of 11*

law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris,* 401 U.S. 37, 43-44 (1971). The Court pointed out that this rule of equity acts to "prevent erosion of the role of the jury" and "avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.* at 44. The Court then went on to name the most important source for the abstention doctrine it was enunciating, "Our Federalism." The *Younger* Court used this talismanic phrase to sum up "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id; see Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 518–19 (5th Cir. 2004).

Stay of discovery pending a motion to dismiss for lack of jurisdiction is appropriate where the issues are largely legal rather than factual in nature. *Smith v. Potter*, 400 F. App'x 806 (5th Cir. 2010). The jurisdictional issues to be examined in the Defendants' motion to dismiss are legal rather than factual in nature. In their motion to dismiss, Defendants have demonstrated that the Court must abstain from exercising its jurisdiction over this suit under the *Younger* abstention doctrine. In a case on point, *Blakely v. Valdez*, No. 3:17-CV-1308-L, 2017 WL 4778790, at *1 (N.D. Tex. June 20, 2017), *report and recommendation adopted,* No. 3:17-CV-1308-L, 2017 WL 4682103 (N.D. Tex. Oct. 18, 2017), the Court denied Mr. Blakely's writ application as a pretrial detainee claiming he was wrongfully arrested for unlawfully carrying a weapon, resisting arrest and assault of a public servant, and seeking dismissal of the indictment in his pending criminal case. The SAC repeats these arguments. In that case, Magistrate Judge Stickney and the Court found that all the conditions for application of the *Younger* abstention doctrine were met, no exception applied and the claims

*Defendants Motion to Stay – Page 5 of 11*

challenging the arrest and indictment should be dismissed under the *Younger* abstention doctrine.

For similar applications of the *Younger* abstention doctrine, see *Phillips v. Dallas Cty. Sheriff's Dep't*, No. 3:16-CV-2680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017), *report and recommendation adopted*, No. 3:16-CV-2680-D, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017) (deciding that Plaintiff's claim that he was unlawfully arrested by the Dallas Police Department, unlawfully indicted by the grand jury, and that he was being unlawfully held by the Dallas County Sheriff's Department due to pending state criminal charges should be dismissed under the *Younger* abstention doctrine based, in part, on finding that a determination by the Court that Plaintiff's arrest or indictment was unlawful would interfere with the state criminal proceedings); *Driver v. Garcia*, No. CV H-15-0857, 2015 WL 12942418, at *3 (S.D. Tex. July 17, 2015) (finding the Court must abstain from asserting jurisdiction under *Younger* upon application for writ challenging the validity of petitioner's indictment for assault causing bodily injury to a public servant because a court order dismissing the indictment would necessarily interfere with ongoing state court proceedings, the state has a strong interest in enforcing its criminal laws, petitioner had an opportunity to litigate his claims before the trial court, which held an evidentiary hearing on his motion to quash, and petitioner will also have an avenue to raise his constitutional challenges further on direct appeal, if necessary, post-conviction); *Jennings v. Clay*, No. 2:13-CV-0015, 2013 WL 3388403, at *6 (N.D. Tex. July 8, 2013) (where plaintiff appeared to be attempting a collateral attack on the charges for which she was awaiting trial by accusing the charging officer(s) of excessive force, with respect to that claim, abstention is appropriate under *Younger*).

The Defendants' motion to dismiss presents another insurmountable jurisdictional hurdle which Plaintiffs cannot overcome. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States

Supreme Court held that a criminal defendant may not challenge the constitutionality of his conviction or sentence in a suit for damages under 42 U.S.C. § 1983 unless that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuing a writ of habeas corpus. *Id.* at 486–87. *Heck* often applies in § 1983 claims for offenses such as false imprisonment, use of excessive force, or malicious prosecution against the plaintiff's arresting officers or others. *See, e.g.*, *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir.2007); *LaMartina–Howell v. St. Tammany Par. Sch. Bd.*, No. 07–1168, 2009 WL 3837323, at *6 (E.D.La. Nov. 12, 2009).

Although the United States Supreme Court has not extended *Heck's* application to pending criminal matters, other courts have held that *Heck* applies pre-conviction to bar "claims which, if successful, would necessarily imply the invalidity of a *potential* conviction on a *pending* criminal charge." *See Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996) (noting in passing that *Heck* prevents the accrual of § 1983 claims that would necessarily imply the invalidity of *future* convictions on *pending* criminal charges); *Phipps v. U.S. Postal Serv.*, No. 3:06-CV-2257-P, 2007 WL 707347, at *2 (N.D. Tex. Mar. 8, 2007) (adopting magistrate's finding that the main focus of plaintiff's complaint is his *pending* criminal prosecution and his challenge of the underlying basis for the indictment, and, if proved, such claims would call into question any *future* conviction; adopting magistrate's recommendation that claims challenging the validity of the *pending* indictment and prosecution should be dismissed with prejudice as frivolous to their being reasserted if and when the conditions set out in *Heck* are met); *Hamilton v. Dallas Police Dept.,* No. 3:04-CV-2191-P, 2005 WL 241192, at *3 n.1 (N.D.Tex.2005) ("All circuits that have addressed this issue have concluded that *Heck* applies to *pre-conviction* as well as post-conviction cases."); *Escamilla v. Dallas Police Dep't,*

*Defendants Motion to Stay – Page 7 of 11*

No. 3:01-CV-1159-G, 2001 WL 1338302, *2 (N.D. Tex. Oct. 18, 2001) (adopting findings and recommendation of magistrate judge that if the court were to grant damages for the alleged false charges, such ruling would necessarily implicate the validity of any *future* conviction for drug offense and, under *Heck,* plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under §1983); *see also Snodderly v. R. U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n. 8 (7th Cir.2001); *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000) ("[A] claim, that if successful would necessarily imply the invalidity of a *future* conviction in a *pending* criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist.").

All claims in the SAC arise from or are inextricably intertwined with the same facts attendant to the pending criminal charge—the traffic stop. Plaintiffs raise broad claims of innocence relating to the entire stop and not merely a discrete part of it. These claims, even those of Mrs. Blakely, the passenger who was not arrested, necessarily require the Court to re-evaluate the lawfulness of the traffic stop. There is no alternative pleading or theory of recovery that would allow either Mr. or Mrs. Blakely's claims to proceed without challenging the validity of a potential conviction of Mr. Blakely in the criminal case. *Deleon,* 488 F.3d at 656.

Discovery is unnecessary in determining whether Mr. Blakely's pending criminal prosecution in the state court triggers the application of the *Younger* and *Heck* abstention doctrines to all of Plaintiffs' federal claims. A stay is appropriate because Plaintiffs cannot argue that discovery is necessary to develop facts to help defend against Defendants' assertion that the Court must abstain from exercising its jurisdiction under these well-established legal doctrines. *See Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016).

*Defendants Motion to Stay – Page 8 of 11*

## 2. Good cause exists to stay all initial disclosures and all other discovery herein pending a determination of the Defendants' entitlement to immunity from suit.

Entitlement to immunity is a question of law for decision by the court as early as possible in the proceedings, "even before discovery." *Hare v. City of Corinth,* 135 F.3d 320, 325 (5th Cir.1998)(*"Hare II"* ). The Defendants' motion to dismiss pending before the Court amply demonstrates that the allegations in the SAC do not negate their entitlement to absolute judicial, quasi-judicial and qualified immunity from suit. The United States Supreme Court has made it clear that under circumstances such as these, a defendant pleading immunity is entitled to dismissal before the commencement of discovery. "Until the threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley,* 500 U.S. 226, 231 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

If the court fails to address an immunity question, it undercuts immunity's goal of shielding public officials from unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. *Hare,* 135 F.3d at 325(quoting *Siegert,* 500 U.S. at 232); *see also Randle v. Lockwood,* 666 Fed.Appx 333, 336-37 (5th Cir. 2016). The present suit calls for the Court to address the question of immunity for a Dallas County Magistrate, a Dallas County Criminal District Court Clerk, a former Dallas County Sheriff and all of the police officers who participated in the events which form the basis of this suit. These immunity questions should be resolved at the earliest possible stage in the litigation so that these government officials may devote time to their duties, and because it would be counterproductive to require them to participate in pretrial litigation procedures which should prove to be unnecessary. *See Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)).

For all the foregoing reasons, a stay is appropriate in this case because engaging in discovery is not necessary, nor is it proper, prior to a ruling on the jurisdiction and immunity issues raised by the Defendants' motion to dismiss.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants Steven Andrade, Brandon Howell, Keith Samet, Christopher Smith, Floyd Kincaide, Evelio Rivas, Doris Irvin, Candace Carlsen, David Robertson, Lupe Valdez and Dallas County pray that the Court will grant this motion and stay all discovery and all unexpired deadlines herein pending a determination of the jurisdiction and immunities issues raised in their motion to dismiss (Document 110).

Respectfully submitted,
FAITH JOHNSON
DALLAS COUNTY DISTRICT ATTORNEY

/s/ Patricia Poppoff Noble
PATRICIA POPPOFF NOBLE
(Texas Bar No. 15051250)

ASSISTANT DISTRICT ATTORNEY
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3828 (Telephone)
(214) 653-2899 (Facsimile)
pnoble@dallascounty.org

ATTORNEY FOR DEFENDANTS STEVEN ANDRADE, BRANDON HOWELL, KEITH SAMET, CHRISTOPHER SMITH, FLOYD KINCAIDE, EVELIO RIVAS, DORIS IRVIN, CANDACE CARLSEN, DAVID ROBERTSON, LUPE VALDEZ AND DALLAS COUNTY

**CERTIFICATE OF CONFERENCE**

I, the undersigned counsel, hereby certify that I emailed pro se Plaintiffs on April 25, 2018 to inquire whether they oppose the relief requested in the foregoing motion and they did not respond to the question before the time to file the forgoing motion. It should be assumed that they oppose the motion.

/s/ Patricia Poppoff Noble
PATRICIA POPPOFF NOBLE

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certify that a copy of this motion was electronically filed with the Clerk of Court for the United States District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court.

/S/ Patricia Poppoff Noble
PATRICIA POPPOFF NOBLE